IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FILED
NOV 14 2012
FREDERICK J. KAPALA
U.S. DISTRICT COURT JUDGE

NATHAN FREY, )
)
      Plaintiff )  CASE 11 CV 5022
)
vs. )
)
TAMMIE STANLEY, Individually, )
THOMAS MORRISON, Individually, )
THE COUNTY OF WINNEBAGO, )
)
      Defendants. )

## MOTION FOR JUDGMENT AS A MATTER OF LAW

## ON COUNT II OF PLAINTIFF'S COMPLAINT

NOW COME the Defendants, Tammie Stanley, by and through their attorney, Paul Carpenter, and for their Motion for Judgment as a Matter of Law, pursuant to Federal Rule of Civil Procedure 50, state as follows:

1. This case involves a claim by the Plaintiff that Defendant Tammie Stanley violated his Fourth Amendment right to be from unlawful arrest, alleging that Defendant Tammie Stanley arrested him without probable cause that he committed a crime. The claim is made pursuant to 42 U.S.C. § 1983.

2. Defendant Tammie Stanley filed an affirmative defense, asserting that she is entitled to Qualified Immunity for the actions she took in good faith, reasonable under the circumstances, and did not violate any clearly established law.

3. "A plaintiff seeking to defeat a defense of qualified immunity must establish two things: first, that she has alleged a deprivation of a constitutional right; and second, that the right in question was 'clearly established.'" Miller v. Harbaugh, 2012 WL 5064985 (7th Cir.

1

Oct. 19, 2012), *citing* Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

4. Evidence presented during the course of the trial established that Deputy Tammie Stanley had become aware of certain information, and that information would support a finding that Deputy Tammie Stanley had probable cause to effectuate an arrest of the Plaintiff, Nathan Frey, on September 7, 2009. Alternatively, Plaintiff presented no evidence to dispute that Defendant had probable cause to arrest Plaintiff.

5. Whether probable cause exists is a question of law, based on the facts in a case. Where there is no dispute as to the applicable facts, a court should decide whether or not probable cause existed for an arrest.

6. While some of the accuracy of the information conveyed to Tammie Stanley may be disputed, there is no dispute that Tammie Stanley had received this information prior to arresting Nathan Frey.

7. Specifically, this information includes: 1) A complaint was made by a resident named Jim Ward, which included allegations of the Plaintiff harassing Mr. Ward by walking by Mr. Ward's home, displaying his middle finger at Mr. Ward, staring at Mr. Ward, and repeating this behavior; 2) Mr. Ward reported that he was concerned for his safety due to Nathan Frey's behavior, and due to the fact that he works nights and comes home after dark; 3) Deputy Stanley had previously responded to a complaint made by Mr. Ward about the Plaintiff's behavior, in which the Plaintiff had telephoned Mr. Ward, leaving vulgar and intimidating telephone messages on Mr. Ward's answering machine; 4) Deputy Stanley had confirmed the reliability of the previous complaint by listening to the messages on Mr. Ward's answering machine at the time of the complaint; 5) Deputy

Stanley had confirmed the reliability of the current complaint by speaking with another person who witnessed the Plaintiff's behavior; 6) Mr. Ward told Deputy Stanley that Plaintiff may have reason to be angry with him, as Plaintiff is in the process of being evicted.

8. A finding that the arresting officer had probable cause to arrest the plaintiff forecloses a Fourth Amendment claim for false arrest/unconstitutional seizure. See, e.g. Holmes v. Vill. of Hoffman Estates, 511 F.3d 673, 680 (7th Cir. 2007). It is the plaintiff's burden to establish the absence of probable cause. McBride v. Grice, 576 F.3d 703, 706 (7th Cir. 2009).

9. Disorderly Conduct is an offense defined under Illinois law as follows:
A person commits disorderly conduct when he or she knowingly: (1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace;
IL ST CH 720 § 5/26-1(a).

10. The Illinois legislature enacted the prohibition against Disorderly Conduct in order to protect citizens' "right 'not to be molested or harassed, either mentally or physically, without justification.'" People v. Fuller, 187 Ill. 2d 1, 14-15, 714 N.E.2d 501, 508 (1999), citing 720 ILCS Ann. 5/26–1, Committee Comments–1961, at 337 (Smith–Hurd 1993).

11. The Seventh Circuit has previously held that harassing behavior, even if a breach of peace is not actually invoked, is sufficient to constitute probable cause for an arrest for Disorderly Conduct in Illinois. In Larsen v. Elk Grove Vill., Ill., 433 F. App'x 470 (7th Cir. 2011), the Court found that repeated telephone calls, e-mails, and visits by the arrestee to the victim's home, along with warnings by a police officer not to engage in

such conduct, and a statement by the victim that she was alarmed and disturbed by such conduct, were sufficient to constitute probable cause. Id., at 473.

12. Even if this Court deems the information relied on by Deputy Stanley to be insufficient cause to arrest Plaintiff for Disorderly Conduct, it should still grant Defendant's Motion for Judgment as a Matter of Law on the second prong of the Qualified Immunity analysis: whether it was "clearly established" law that the specific conduct complained of was a violation of Plaintiff's Constitutional rights.

13. The Supreme Court holds that the precise conduct complained of need not have been previously litigated, but "in the light of the pre-existing law, the unlawfulness (of the conduct) must be apparent." Anderson v. Creighton, 483 U.S. 635, 641, 107 S. Ct. 3034, 3039-40, 97 L. Ed. 2d 523 (1987). The Anderson court went on to state that "We have recognized that it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials —like other officials who act in ways they reasonably believe to be lawful—should not be held personally liable." Id.

14. The question, then, is whether it was clearly established that the information that Deputy Stanley relied on would not constitute probable cause for an arrest for disorderly conduct? Upon a review of the Illinois case law, the answer is "no."

15. The annotations alone for the Disorderly Conduct statute include facts similar to those here that establish violations of the Disorderly Conduct statute:

- Conviction upheld for Defendant who stopped his vehicle in street, walked up to driver of car behind him, told her to stop tailgating, and drove away. People v. Davis 225 Ill.Dec. 597 (3rd Dist., 1997);

4

- Threats to "destroy reputations" of victims support conviction for disorderly conduct. People v. Allen, 223 Ill.Dec.845 (4th Dist., 1997);
- Defendant directly bothering or harassing people justify arrest and conviction for disorderly conduct. Also, conduct that at least has the potential to disturb public order can constitute Disorderly Conduct. People v. Tingle, 216 Ill.Dec. 323 (1st Dist., 1996).

16. The Illinois cases also confirm that the reasonableness of conduct must be considered in relation to the surrounding circumstances. *See, e.g.,* People v. Davis, 35 Ill.Dec. 179 (1st Dist., 1979). The Seventh Circuit has agreed that a determination of whether specific conduct constitutes Disorderly Conduct is case-specific, and the surrounding circumstances must be considered. Biddle v. Martin, 992 F.2d 673, 678 (7th Cir. 1993).

17. A police officer in the field cannot be charged with making the kind of analysis that the courts make following hours of legal research and analysis. Even following such research and analysis, there are still disagreements among courts, due to the wide variety of behavior that may be subject to the Disorderly Conduct statute.

18. "Qualified immunity is intended to protect 'all but the plainly incompetent or those who knowingly violate the law,', and will accommodate reasonable errors 'because officials should not err always on the side of caution because they fear being sued.'" Biddle v. Martin, 992 F.2d 673, 678 (7th Cir. 1993), *quoting* Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986) *and* Hunter v. Bryant, 502 U.S. 224, 229, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991).

WHEREFORE, Defendant Tammie Stanley respectfully requests this Honorable Court grant her Motion for Judgment as a Matter of Law as to Count II of Plaintiff's Complaint, and for such other and further relief as this Court deems appropriate.

                                        TAMMIE STANLEY, Individually, Defendant.

                              BY: \S\ Paul Carpenter    *P.C.*

PAUL CARPENTER, #6274660
Assistant State's Attorney
Civil Bureau
400 West State Street, Suite 804
Rockford, Illinois 61101
(815) 319-4799
ATTORNEY FOR DEFENDANTS
pcarpenter@wincoil.us